# THE CITY OF JOLIET

## v.

# WILLIAM E. HENRY.

1. ALLEGATIONS AND PROOF.—In actions for damages occasioned by negligence, the evidence must conform to the allegations as to the cause of the injury.

2. DAMAGES—EXPENSE OF PHYSICIAN.—In such actions it is error to instruct the jury that the plaintiff may recover the expenses of a physician in being cured of the injury, unless there is some evidence that plaintiff has paid or become liable to pay some amount as such expenses.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH MCROBERTS, Judge, presiding. Opinion filed August 8, 1882.

Mr. E. MEERS, for appellant; that a city is only bound to use ordinary care in keeping its streets and sidewalks in repair, cited City of Centralia v. Krouse, 64 Ill. 19; City of Aurora v. Pulfer, 56 Ill. 276; Griffin v. Major, etc. 9 N. Y. 461; Chicago v. Gavin, 1 Bradwell, 302; Chicago v. Bixby, 84 Ill. 85; Chicago v. Murphy, 84 Ill. 224.

If the negligence of the plaintiff contributed to the injury he can not recover unless his negligence was slight, and that of the defendant gross: Grayville v. Whittaker, 85 Ill. 411; C. B. & Q. R. R. Co. v. Harwood, 90 Ill. 425; I. & St. L. R. R. Co. v. Evans, 88 Ill. 64

A failure to light the streets is not negligence: Freeport v. Isbell, 83 Ill. 440; Macomber v. Taunton, 100 Mass. 255; Murphy v. Gloucester, 105 Mass. 470; Sparhawk v. Salem, 1 Allen, 30.

As to notice of the defect to the city: Chicago v. Langlass, 66 Ill. 364; Seward v. Joliet, 86 Ill. 402; Dillon on Mun. Corp. § 773.

The burden was upon plaintiff to show due care on his part: Mendota v. Fay, 1 Bradwell, 418; C. B. & Q. R. R. Co. v. Harwood, 90 Ill. 420; Wilds v. H. R. R. Co. 24 N. Y. 432; Spalding v. C. & N. W. R. R. Co. 33 Wis. 591.

As to what constitutes due care on plaintiff's part: Chicago v. Gavin, 97 Ill. 66; Quincy v. Baker, 81 Ill. 304; C. & A. R. R. Co. v. Gretzner, 46 Ill. 76.

The opinion of a witness that a sidewalk is unsafe is not competent evidence: Fairbury v. Rogers, 98 Ill. 554.

The statute of limitations can not be avoided by amending or adding new counts to the declaration: I. C. R.R. Co. v. Cobb, 64 Ill. 128; Phelps v. I. C. R. R. Co. 94 Ill. 548.

Messrs. SNAPP & BRECKENRIDGE, for appellee; that a city must keep its sidewalks free from obstruction and safe, cited Bloomington v. Bay, 42 Ill. 507; Chicago v. Brophy, 79 Ill. 279; Galesburg v. Higley, 61 Ill. 287; Rockford v. Hildebrand, 91 Ill. 157; Chicago v. Fowler, 60 Ill. 323.

Notice to its officers is notice to the city: Aurora v. Dale, 90 Ill. 48; Chicago v. Brophy, 79 Ill. 279; Joliet v. Seward, 99 Ill. 271; Chicago v. Langlass, 66 Ill. 365; Galesburg v. Higley, 61 Ill. 289.

Negligence and due care are questions for the jury: G. W. R. R. Co. v. Haworth, 39 Ill. 353; Hopkins v. I. & St. L. R. R. Co. 78 Ill. 33; C. & A. R. R. Co. v. Pennell, 94 Ill. 455; Schmidt v. C. & N. W. R. R. Co. 83 Ill. 408; Chicago v. Smith, 48 Ill. 108.

The verdict will not be set aside unless manifestly against the weight of the evidence: Chicago v. Jorgerson, 60 Ill. 201; Galesburg v. Higley, 61 Ill. 292; Chicago v. Garrison, 52 Ill. 517; Jaquin v. Davidson, 49 Ill. 83; Howitt v. Estelle, 92 Ill. 220; Lewis v. Lewis, 92 Ill. 240; Hayes v. Houston, 86 Ill. 487.

Evidence that others fell upon the sidewalk at the same place is admissible: Quincy v. Barker, 81 Ill. 307; Galesburg v. Higley, 61 Ill. 289; Lacon v. Page, 48 Ill. 501.

Expenses in being cured of the injury may be recovered as damages: Chicago v. Jones, 66 Ill. 351.

Torts are divisible, and plaintiff may prove part of his charge and recover, if the tort be established: Hite v. Blandford, 45 Ill. 9; Roth v. Eppy, 80 Ill. 289; I. & St. L. R. R. Co. v. Feheinger, 82 Ill. 130; Howitt v. Estelle, 92 Ill. 218; Lewis v. Lewis, 92 Ill. 237.

Pleasants, J.    In this case there was a judgment on the verdict for the plaintiff below for $1,200 damages and the defendant appealed.

The declaration as originally filed contained two counts alike alleging the negligence of the defendant and the cause and manner of the injury to the plaintiff substantially as follows: That the city permitted a sidewalk on Ottawa street to be out of repair and in a dangerous condition, not particularly described, and that by reason thereof the plaintiff passing over and on said street and sidewalk and using due care, unavoidably slipped and fell upon and through it.

Two other counts were afterward added, alike alleging the wrong and injury, in substance as follows:

That the sidewalk was being repaired and the defendant permitted it to be in a condition dangerous to pedestrians without placing sufficient safeguards around it, and that by reason of its being out of repair and not so surrounded, the plaintiff, while passing over and on and along said street and sidewalk, and using due care, slipped and fell, etc.    Thus, it is in each count alleged that the injury was received from a fall, the proximate cause of which was a defect in the sidewalk itself.    In the first two, the negligence is averred to have been the permission of this condition, and in the last two, the leaving it so without sufficient guards.

It appears that the piece of sidewalk in question was nearly midway between two cross streets, sixty-six feet in length and five or six in width, running north and south.    It had been constructed of two-inch plank laid upon stringers, and was close to the ground, which was there generally on a level with the street, but descended toward the south, and at that end was considerably lower.

Preparatory to laying down new material on a higher grade, the old, excepting perhaps some pieces of stringer more or less imbedded, had been taken up and placed in piles two or three boards high upon the street, parallel with and near the outer line of the walk, when the work of repairing was arrested by rain.    Across the south end and thence north on said outer line, for a distance of ten or twelve feet, some sort of a

guard or railing had been erected, but whether it covered the place where plaintiff fell—which is not precisely shown—or was up at that time, are questions upon conflicting testimony on which we deem it unnecessary to express an opinion.

On the street, just outside of the material so piled, some planks were laid for a temporary walk.

The accident occurred shortly after seven o'clock in the evening of Oct. 19, 1877. It was then very dark and raining. Plaintiff had been well acquainted with the street and sidewalk at that place, but did not know that any change in their condition had recently been made.

Having got out of a street car at a passing switch about opposite, he walked rapidly to the sidewalk, expecting to find it as it had been, and seeing nothing of any obstruction, defect or unexpected change in the surface, somehow fell, hurting his knee and striking his breast upon what he supposed was the middle stringer of the old structure remaining in its place.

He does not state that he slipped, as is alleged in each count of the declaration, or that he stumbled, or how he came to fall, but seems to have the impression that it was by stepping from a higher to a lower level.

From his statement nothing is certain as to the cause of it and no other person was present. Walking rapidly in the darkness and rain a sudden and unexpected descent of only a few inches might have caused it.

But whether the uncovered bed of the sidewalk was abruptly lower than the street at that point and he passed between the piles and stepped down such a descent, or whether he stumbled upon the outside plank or upon those so piled, or first stepped upon the latter and thence upon the bed of the walk, were fairly debatable and for the jury to determine. If by so stumbling or by stepping from the pile, the case was fatally variant from the one alleged. Defendant therefore properly asked the following among other instructions, viz.: "If from the evidence the jury believe plaintiff was injured by defects or obstructions in the street itself, and not in the sidewalk, or that portion of the street devoted to the

sidewalk, they will find for the defendant," and its refusal was error.

Several instructions were given for the plaintiff in relation to the damages recoverable in case they should find the issue for him, which included " expenses incurred in being cured, if any," from which it is fair to presume that something was allowed on that account.

But while it was proved that services were rendered by a surgeon, there was no evidence tending to show what amount or that any particular amount was charged, agreed on or reasonably deserved therefor.

It is impossible to say from what data the estimate of damages was made. These instructions were therefore erroneous in this particular. The C. B. & Q. R. R. Co. v. Hale, 83 Ill. 360; I. C. R. R. Co. v. Frelka, 9 Bradwell, 605.

So also it was error to admit the opinion of the witness Monroe, that if the sidewalk was in the same condition on the night of the accident as in the morning of the same day, when he saw it, and it was dark and no lights were set up around it, then it was unsafe. Village of Fairbury v. Rogers, 98 Ill. 557.

For these reasons the motion for a new trial should have been allowed. The judgment is reversed and the cause remanded.